PREET BHARARA
United States Attorney for the
Southern District of New York
By:  TARA M. La MORTE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel:     (212) 637-2746
Fax:     (212) 637-2702
E-mail:tara.lamorte2@usdoj.gov

**14   CV   9638**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
     :
     :
     :   **NOTICE OF REMOVAL**
     :
ERIN CRUMMENAUR and EDWARD O'LEARY,  :
     :
     Plaintiffs,    :   14 Civ. ____ (___)
     :
   -against-     :
     :   From the Supreme Court of the State of
MIDDLETOWN COMMUNITY HEALTH CENTER, INC.:   New York, County of Orange
AND ORANGE REGIONAL MEDICAL CENTER,  :
     :   Index No. 004314/2013
     Defendants.    :
     :
     :
     :
------------------------------------------------------------------x

     Defendant Middletown Community Health Center ("MCHC"), by and through its

attorney, Preet Bharara, United States Attorney for the Southern District of New York, hereby

removes the above-captioned action to the United States District Court for the Southern District

of New York pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2).  The grounds for

removal are as follows:

     1.    On or about May 22, 2013, Erin Crummenaur and Edward O'Leary (collectively

the "Plaintiffs") commenced an action in New York State Supreme Court, County of Orange, by

filing a Summons and Verified Complaint under Index Number 004314/2013. A true and correct copy of the Summons and Verified complaint is attached hereto as Exhibit 1.

2.    In their Verified Complaint, Plaintiffs allege, *inter alia*, that the MCHC, along with defendant Orange Regional Medical Center ("ORMC"), provided labor and delivery services and post-delivery services to Plaintiffs on or about April 7, 2012. *See generally* Ex. 1.

3.    According to Plaintiffs, MCHC and ORMC both held themselves out as "duly qualified to render proper and adequate medical and surgical services to . . . plaintiffs," *id.* ¶¶ 4, 6, undertook to "properly protect [the body of Plaintiffs' stillborn child] against loss, mutilation and indignities, pending delivery to plaintiffs for funeral and burial," *id.* ¶¶ 22-23, but did so "negligen[tly]," thus resulting in the "los[s]" and "destr[uction]" of "the body of the child," *id.* ¶¶ 24-25. Plaintiffs allege that they "have been deprived of the remains and body of their child, have been greatly injured in their feelings, and suffered and still suffer great pain and grievous mental anguish and sorrow." *Id.* ¶ 28.

4.    Pursuant to the Public Health Service Act, 42 U.S.C. § 201, *et seq.*, as amended by the Federally Supported Health Center Assistance Act, 42 U.S.C. § 233(g)-(n), MCHC was deemed to be an employee of the United States Public Health Service at all times relevant to the allegations in the Verified Complaint. *See* 42 U.S.C. § 233(g). Accordingly, MCHC is eligible for coverage under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680 (the "FTCA").

5.    The FTCA provides the exclusive remedy with respect to Plaintiffs' allegations of medical malpractice. *See* 42 U.S.C. § 233(a).

6.    Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2), this action may be removed to this Court because: (i) there has been no trial of this action; and (ii) this is a civil action brought against, *inter alia*, a party deemed to be an employee of the United States which was acting within the scope of its employment.

7.      Attached hereto as Exhibit 2 is a copy of the Certification of Preet Bharara, United

States Attorney for the Southern District of New York, dated May 19, 2014.  The Certification

states that MCHC was an employee of the United States Public Health Service and was acting

within the scope of its employment at all times relevant to the allegations in the Verified

Complaint.

Dated:      December 5, 2014
            New York, New York

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

                        By:

                                        TARA M. La MORTE
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2746
                                        Fax: (212) 637-2702
                                        E-mail: tara.lamorte2@usdoj.gov


TO:     Craig Phemister, Esq.
        SOBO & SOBO LLP
        One Dolson Avenue
        Middletown, New York 10940
        *Counsel for Plaintiffs*


        MARTIN, CLEARWATER & BELL LLP
        245 Main Street, 5th Floor
        White Plains, NY  10601
        *Counsel for Defendant*
        *Orange Regional Medical Center*

**EXHIBIT 1**

TO: THE COUNTY CLERK OF ORANGE COUNTY
Application for **INDEX NUMBER** pursuant to
Section 8018 of CPLR

MUST BE MADE OUT
IN DUPLICATE

XX  SUPREME
_____ COUNTY COURT

FEE - $210

**2013  004314**

Space below to be **TYPED** or **PRINTED** by Applicant

FULL TITLE OF ACTION OR PROCEEDING:

ERIN CRUMMENAUR and EDWARD O'LEARY,

Plaintiffs,

-against-

MIDDLETOWN COMMUNITY HEALTH CENTER, INC. and ORANGE REGIONAL
MEDICAL CENTER,

Defendant.

SOBO & SOBO, LLP
One Dolson Avenue
Middletown, NY 10940
Name and Address of Attorney for Plaintiff or Petitioner

Unknown
Name and Address of Attorney for Defendant or Respondent

Craig Fhemister, Esq.
Name of Applicant

2013 MAY 22  P 4 14

FILED
ORANGE COUNTY CLERK

ORIGINAL FILED

SUBMITTED PAPERS ARE: (Please check below)

___X___  Summons & Complaint                    _____ Order to Show Cause
_____  Summons w/Notice                       _____ Poor Person Afft./Atty's Cert.
_____  Notice of Petition                     _____ Other:
_____  Petition

THIS FORM MUST BE COMPLETED & SIGNED BY APPLICANT:

(Signature)

SPACE BELOW FOR OFFICE USE ONLY.

Requisitioned By: _____    Date: _____

Date of Filing:

Index **2013   004314**

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is the
Plaintiff's residence address.

Plaintiff resides at
Howells, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------X
ERIN CRUMMENAUR and EDWARD O'LEARY,

                           Plaintiffs,                    **SUMMONS**

        -against-

MIDDLETOWN COMMUNITY HEALTH CENTER, INC.
and ORANGE REGIONAL MEDICAL CENTER,

                           Defendant.
------------------------------------------------------X

To the above-named defendant(s):

        YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorneys within - 20- days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

                                        SOBO & SOBO, LLP

                                        CRAIG P. BRAMISTER, ESQ.
                                        Attorneys for Plaintiff
                                        One Dolson Avenue
                                        Middletown, NY  10940
                                        (845) 343-0466

Dated: May 17          , 2013
        Middletown, New York

Defendants' addresses:  See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIN CRUMMENAUR and EDWARD O'LEARY,

                Plaintiffs,

- against -

MIDDLETOWN COMMUNITY HEALTH CENTER,
INC. and ORANGE REGIONAL MEDICAL
CENTER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**2013  004314**

VERIFIED
COMPLAINT

Plaintiffs, complaining of the defendants, by their attorneys, SOBO & SOBO, LLP respectfully state and allege, upon information and belief:

1. That at the time of the commencement of this action, plaintiffs resided in the County of Orange, State of New York.

2. That this action falls within one or more of the exemptions set forth in the CPLR §1602.

3. That at all times hereinafter mentioned, defendant, MIDDLETOWN COMMUNITY HEALTH CENTER, INC. was and still is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, defendant MIDDLETOWN COMMUNITY HEALTH CENTER, INC., its agents, servants and/or employees owned, operated, managed and controlled a certain facility for the treatment of the sick and ailing and pregnant in the County of Orange State of New York, and as such held itself out as duly qualified to render proper and adequate medical and surgical services to members of the general public, including plaintiffs, ERIN CRUMMENAUR and EDWARD O'LEARY.

5. That at all times hereinafter mentioned, defendant, ORANGE REGIONAL MEDICAL CENTER was and still is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, defendant ORANGE REGIONAL MEDICAL CENTER, its agents, servants and/or employees owned, operated, managed and controlled a certain facility for the treatment of the sick and ailing and pregnant in the County of Orange State of New York, and as such held itself out as duly qualified to render proper and adequate medical and surgical services to members of the general public, including plaintiffs, ERIN CRUMMENAUR and EDWARD O'LEARY.

7. That on or about April 7, 2012, plaintiff ERIN CRUMMENAUR was admitted to defendant's hospital, ORANGE REGIONAL MEDICAL CENTER.

8. That on or about April 7, 2012, plaintiff ERIN CRUMMENAUR was admitted to defendant's hospital, ORANGE REGIONAL MEDICAL CENTER for the purpose of delivering a baby.

9. That on or about April 7, 2012, plaintiff ERIN CRUMMENAUR gave birth to a baby at defendant's hospital, ORANGE REGIONAL MEDICAL CENTER.

10. That on or about April 7, 2012, plaintiffs' child was born at defendant's hospital, ORANGE REGIONAL MEDICAL CENTER.

11. That on or about April 7, 2012, plaintiffs' child died at defendant's hospital, ORANGE REGIONAL MEDICAL CENTER.

12. That on or about April 7, 2012, defendant ORANGE REGIONAL MEDICAL CENTER, its agents, servants and/or employees obstetrically delivered a child of plaintiffs, ERIN CRUMMENAUR and EDWARD O'LEARY.

2

13. That on or about April 7, 2012, defendant MIDDLETOWN COMMUNITY HEALTH CENTER, its agents, servants and/or employees obstetrically delivered a child of plaintiffs, ERIN CRUMMENAUR and EDWARD O'LEARY.

14. That on or about April 7, 2012, defendant ORANGE REGIONAL MEDICAL CENTER, its agents, servants and/or employees, delivered a "stillborn" child of plaintiffs, ERIN CRUMMENAUR and EDWARD O'LEARY.

15. That on or about April 7, 2012, defendant MIDDLETOWN COMMUNITY HEALTH CENTER, its agents, servants and/or employees, delivered a "stillborn" child of plaintiffs, ERIN CRUMMENAUR and EDWARD O'LEARY.

16. That at all times herein mention, plaintiff EDWARD O'LEARY was the boyfriend of plaintiff ERIN CRUMMENAUR and is the father of the deceased child.

17. That on or about April 7, 2012, plaintiffs' child came under the care of defendant's hospital, ORANGE REGIONAL MEDICAL CENTER, its agents, servants and/or employees.

18. That on or about April 7, 2012, plaintiffs' child came under the care of defendant MIDDLETOWN COMMUNITY HEALTH CENTER, its agents, servants and/or employees.

19. That on or about April 7, 2012, defendant ORANGE REGIONAL MEDICAL CENTER, its agents, servants and/or employees took possession, custody and control of the body of the deceased child.

20. That on or about April 7, 2012, defendant MIDDLETOWN COMMUNITY HEALTH CENTER, its agents, servants and/or employees took possession, custody and control of the body of the deceased child.

21. Thereafter, plaintiffs requested the transfer of the body of the deceased child for the purpose of a proper funeral and burial.

22. Having accepted custody of the body of plaintiffs' child, defendant, ORANGE REGIONAL MEDICAL CENTER, its agents, servants and/or employees undertook to properly protect it against loss, mutilation and indignities, pending delivery to plaintiffs for funeral and burial.

23. Having accepted custody of the body of plaintiffs' child, defendant, MIDDLETOWN COMMUNITY HEALTH CENTER, its agents, servants and/or employees undertook to properly protect it against loss, mutilation and indignities, pending delivery to plaintiffs for funeral and burial.

24. That solely through the negligence of defendant, ORANGE REGIONAL MEDICAL CENTER, its agents, servants and/or employees, the body of the child was not given a funeral, nor burial, but was lost and/or destroyed.

25. That solely through the negligence of defendant, MIDDLETOWN COMMUNITY HEALTH CENTER, its agents, servants and/or employees, the body of the child was not given a funeral, nor burial, but was lost and/or destroyed.

26. Defendant, ORANGE REGIONAL MEDICAL CENTER, its agents, servants and/or employees deprived plaintiffs of the opportunity to bury the body of their child in accordance with their religious and familial beliefs.

27. Defendant, MIDDLETOWN COMMUNITY HEALTH CENTER, its agents, servants and/or employees deprived plaintiffs of the opportunity to bury the body of their child in accordance with their religious and familial beliefs

4

28. By reason of the foregoing, plaintiffs have been deprived of the remains and body of their child, have been greatly injured in their feelings, and suffered and still suffer great pain and grievous mental anguish and sorrow, all to their damage in a sum which exceeds the jurisdiction of all lower Courts which would otherwise have jurisdiction.


WHEREFORE, Plaintiff hereby demands judgment against the defendants in a sum that exceeds the jurisdiction of all lower Courts which would otherwise have jurisdiction; said sum to be determined at a trial of this matter.

Craig Phemister, Esq.
SOBO & SOBO, LLP
Attorneys for Plaintiffs
One Dolson Avenue
Middletown, New York 10940
845-343-7626

TO:    Middletown Community Health Center, inc.
       27 North Street
       Middletown, NY 10940

       Orange Regional Medical Center
       707 East Main St.
       Middletown, NY  10940

5

# VERIFICATION

## STATE OF NEW YORK, COUNTY OF ORANGE    ss:

ERIN CRUMMENAUER, being duly sworn says; I am one of the plaintiffs in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
EDWARD O'LEARY

Sworn to before me on this
April 26 _____, 2013

_____
NOTARY PUBLIC

Elisa Stelmack Notary Public
Qualified in Orange Cnty. NY
Registration No. 4976242
My Commission Expires 1-14-15

## VERIFICATION

STATE OF NEW YORK, COUNTY OF ORANGE          ss:

ERIN CRUMMENAUER, being duly sworn says; I am one of the plaintiffs in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

ERIN CRUMMENAUER

Sworn to before me on this
April 26          , 2013

NOTARY PUBLIC

Elisa Stelmack Notary Public
Qualified in Orange Cnty. NY
Registration No. 4976242
My Commission Expires 1-14-15

**EXHIBIT 2**

PREET BHARARA
United States Attorney for the
Southern District of New York
By:  TARA M. La MORTE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel:    (212) 637-2746
Fax:    (212) 637-2702
E-mail:tara.lamorte2@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ERIN CRUMMENAUR and EDWARD O'LEARY,                  :
                                                     :
                              Plaintiffs,            :   **CERTIFICATION**
                                                     :
            -against-                                :
                                                     :   Index No. 004314/2013
MIDDLETOWN COMMUNITY HEALTH CENTER, INC.:
AND ORANGE REGIONAL MEDICAL CENTER,                  :   Supreme Court of New York,
                                                     :   County of Orange
                              Defendants.            :
                                                     :
                                                     :
                                                     :
                                                     :
                                                     :
------------------------------------------------------------------- x

        I, PREET BHARARA, the United States Attorney for the Southern District of New York,

pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority vested in me by

the Attorney General under 28 C.F.R. § 15.4, hereby certify, on the information now available

with respect to the claims alleged, that Defendant Middletown Community Health Center is an

employee of the United States Public Health Service, as defined in 42 U.S.C. § 233(g)(1), and

was acting within the scope of its employment for purposes of claims against it in connection

with the labor and delivery services provided to Erin Crummenaur and post-delivery services

provided to Crummenaur and Edward O'Leary during April 2012.

        Accordingly, pursuant to 42 U.S.C. § 233(g), Middletown Community Health Center is

deemed to be an employee of the United States under the Federal Tort Claims Act for the labor

and delivery services provided to Crummenaur and post-delivery services provided Crummenaur and O'Leary during April 2012.

Dated:   New York, New York
         May 19, 2014

PREET BHARARA
United States Attorney
Southern District of New York